810 So.2d 573 (2002)
Odis Ray CLOUD, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-406.
District Court of Appeal of Florida, Second District.
March 8, 2002.
PARKER, Judge.
In this appeal after remand, Odis Ray Cloud challenges the trial court's order denying for a second time his motion for return of property. We reverse with directions to the trial court to determine whether an evidentiary hearing is necessary to resolve the issue raised in this case.
This is the second time this court has reviewed this same issue raised by Cloud. In Cloud v. State, 801 So.2d 964 (Fla. 2d DCA 2001), this court addressed Cloud's appeal of the trial court's first order denying his motion for the return of $1900 taken from him after his arrest. In his motion, Cloud alleged that the $1900 belonged to him, that it was not contraband or the fruit of criminal activity, and that it was not being held as evidence. Cloud alleged that he was entitled to return of the money pursuant to section 705.105, Florida Statutes (2000). The trial court denied Cloud's motion as untimely filed. See § 705.105(1) (stating that title to unclaimed evidence lawfully seized will vest *574 permanently with the law enforcement agency sixty days after the conclusion of the proceeding). In reversing, this court stated:
We reverse and remand for reconsideration of the motion. The trial court did not attach any portions of the record to its order, and we cannot determine whether Cloud's property was seized pursuant to section 705.105. On remand, the trial court must attach those portions of the record indicating that the property was seized and held as evidence by law enforcement or that the property was seized pursuant to a lawful investigation and was in the custody of the clerk of the court; otherwise, the trial court shall conduct an evidentiary hearing.
Cloud, 801 So.2d at 964.
On remand, the trial court ordered the State to file a response to Cloud's motion. The State attached to its response arrest reports from the Florida Highway Patrol showing that Cloud was arrested for grand theft auto and possession of methamphetamine and that, after a Miranda[1] warning, Cloud admitted that the $1900 constituted the proceeds from selling illegal drugs. However, the State noted that it did not represent the Florida Highway Patrol in matters relating to the Florida Contraband Forfeiture Act, sections 932.701 .707, Florida Statutes (2000), and therefore could not comment on whether that act applied to this case. Relying on the State's response, the trial court denied Cloud's motion.
Our review of the arrest reports attached to the trial court's order confirms that section 705.105 does not apply to this case. However, it appears that Cloud's money may have been properly forfeited under the Florida Contraband Forfeiture Act. Clearly, money obtained in violation of chapter 893, Florida Statutes (2000), is subject to forfeiture. See § 932.701(2)(a)(1). However, chapter 932 requires the seizing agency to promptly proceed against the contraband by filing a complaint in circuit court. § 932.704(4). Further, a claimant, such as Cloud, is entitled to contest the forfeiture and file responsive pleadings and affirmative defenses. § 932.704(5)(c).
From this record, we are unable to determine whether Cloud's motion was properly denied. It could be that the Florida Highway Patrol petitioned for forfeiture of this money in the circuit court in compliance with section 932.704(4), and that the circuit court entered a final order of forfeiture. In that case, Cloud's motion has no merit. However, if the Florida Highway Patrol still has custody of the money and has made no effort to seek forfeiture in compliance with chapter 932, Cloud may be entitled to the return of this money.
Based on the foregoing, we reverse the trial court's order and direct the trial court to determine from court records whether a final order of forfeiture of Cloud's money has been entered. If no such order has been entered, the trial court must conduct an evidentiary hearing, with notice to the Florida Highway Patrol and to Cloud, to determine any rights Cloud may have to the return of the $1900.
Reversed and remanded.
NORTHCUTT and STRINGER, JJ., Concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).