899 So.2d 343 (2005)
Gary Hura REED, Appellant,
v.
CITY OF CLEARWATER, a Florida municipality, Appellee.
No. 2D03-5405.
District Court of Appeal of Florida, Second District.
March 16, 2005.
Rehearing Denied May 2, 2005.
Gary Hura Reed, pro se.
Pam Akin, City Attorney, and Robert J. Surette, Assistant City Attorney, Clearwater, for Appellee.
ALTENBERND, Chief Judge.
Gary Reed appeals an order denying his motion for return of property. The motion was filed in a civil forfeiture proceeding after a default final judgment had been entered against Mr. Reed. Because Mr. Reed is not entitled to relief from the judgment, we affirm. However, we do so without prejudice to any right Mr. Reed might have to file a proper motion or proceeding seeking the return of other *344 tangible personal property that was not subject to the forfeiture proceeding.
On December 20, 2001, the City of Clearwater filed a complaint seeking forfeiture of $26,099 that was seized from Mr. Reed when Mr. Reed was arrested on November 5, 2001, for conspiracy to commit armed trafficking in cocaine. An attorney filed a notice of appearance and accepted service of the forfeiture complaint on behalf of Mr. Reed but did not file an answer to the complaint. Thereafter, upon the proper motion of the City and after a hearing that neither Mr. Reed nor his counsel attended, a default final judgment of forfeiture was entered on May 15, 2002, forfeiting the $26,099 to the City. Apparently, Mr. Reed was personally unaware of these developments.
Sometime in May 2003, Mr. Reed made an inquiry, seeking the return of a portion of these funds and also some tangible personal property that was seized from him. After some bureaucratic confusion, Mr. Reed filed a "motion for return of property" in the forfeiture proceeding on September 12, 2003. The motion sought the return of a portion of the $26,099 and certain tangible personal property. The personal property that was listed in the motion had not been the subject of the forfeiture proceeding. From the description of these items, it is possible that they were items of personal property removed from Mr. Reed when he was booked on these charges. The trial court summarily denied this motion.
Because the final judgment of forfeiture was entered on May 15, 2002, Mr. Reed's only potential avenue for relief in the forfeiture proceedings was to seek relief from the judgment. However, Mr. Reed has not stated a claim for relief pursuant to Florida Rule of Civil Procedure 1.540, nor does it appear that the circumstances would permit such a claim. We therefore affirm the order denying Mr. Reed's motion.
To the extent Mr. Reed requested the return of his tangible personal property, those items were not the subject of this forfeiture proceeding and could not be recovered in that proceeding. Mr. Reed may still be able to pursue the recovery of these items through a separate action against the appropriate agency or possibly by renewing a motion for return of property that he apparently filed in his initial criminal proceedings pursuant to section 705.105, Florida Statutes (2001).
Affirmed.
STRINGER and CANADY, JJ., Concur.