924 So.2d 969 (2006)
Calvin WILSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-5776.
District Court of Appeal of Florida, Second District.
April 7, 2006.
WALLACE, Judge.
Calvin Wilson appeals a final order denying his two motions for the return of property. We affirm in part and reverse in part.
On August 9, 2005, Wilson filed a motion for return of property requesting the return of $2164 that was confiscated from him at the time of his arrest. On September 15, 2005, Wilson filed a second motion for return of property requesting the return of an additional $108,375. After obtaining a response from the State, the postconviction court entered an order summarily denying both of Wilson's motions.
The postconviction court ruled that Wilson was not entitled to the return of the $2164 because $100 of that amount was "buy money" owned by the Tampa Police Department and a final default judgment for the $2064 balance had previously been entered against Wilson in favor of the Tampa Police Department. Based on the postconviction court's findings and the entry of the final default judgment against Wilson, we affirm the summary denial of Wilson's first motion.
In its order, the postconviction court failed to address the additional $108,375 that was the subject of Wilson's second motion. The postconviction court failed to make any findings concerning whether the substantially larger amount had been the subject of forfeiture proceedings under the provisions of sections *970 932.701 to 932.707, Florida Statutes (2003), the Florida Contraband Forfeiture Act, or if it had vested in the Tampa Police Department at the conclusion of the proceeding against Wilson in accordance with section 705.105(1), Florida Statutes (2003). Accordingly, we reverse the order with respect to Wilson's second motion, and we remand for the postconviction court to consider that motion. On remand, the postconviction court must either attach portions of the record to its order demonstrating that Wilson is not entitled to relief or conduct an evidentiary hearing. See Cloud v. State, 801 So.2d 964 (Fla. 2d DCA 2001); Hughes v. State, 768 So.2d 512 (Fla. 2d DCA 2000).
Affirmed in part; reversed in part; and remanded.
CASANUEVA and VILLANTI, JJ., Concur.