957 So.2d 1264 (2007)
Calvin WILSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-3319.
District Court of Appeal of Florida, Second District.
May 23, 2007.
SILBERMAN, Judge.
In this appeal after remand following a prior appeal, Calvin Wilson challenges the summary denial of his motion for return of property. We reverse and remand for further proceedings.
In Wilson v. State, 924 So.2d 969 (Fla. 2d DCA 2006), this court considered Wilson's appeal of an order denying his two motions for return of property. We affirmed the denial of his motion seeking return of $2164, but we reversed the denial of his motion seeking return of $108,375. We observed that the circuit court did not make any findings as to whether the $108,375 had been the subject of forfeiture proceedings under the Florida Contraband Forfeiture Act, sections 932.701 to 932.707, Florida Statutes (2003), or whether the money had vested in the Tampa Police Department pursuant to the procedure regarding unclaimed evidence contained in section 705.105(1), Florida Statutes (2003). We remanded with directions that the circuit court either conduct an evidentiary hearing or attach to its order those portions of the record demonstrating that Wilson is not entitled to relief. Wilson, 924 So.2d at 969-70.
On remand, the circuit court ordered the State to file a response to Wilson's motion. The State argued that Wilson's motion was facially insufficient, that the $108,375 had been previously forfeited through judicial proceedings, and that Wilson had no legal *1265 right to the property. The State attached to its response various documents relating to forfeiture proceedings in circuit court civil case number 03-6433, but the response did not include the final judgment of forfeiture of the $108,375.
The circuit court could have concluded that the motion was facially insufficient. "A facially sufficient motion for return of property must specifically identify the property and allege that it is the movant's personal property, that the property is not the fruit of criminal activity, and that the property is not being held as evidence." Justice v. State, 944 So.2d 538, 539 (Fla. 2d DCA 2006); see also Scott v. State, 922 So.2d 1024, 1026 (Fla. 5th DCA 2006). Wilson's motion failed to make these allegations, but the trial court did not address the sufficiency of the motion. Instead, the court summarily denied the motion based on the State's response. The court concluded that Wilson had fair notice that the $108,375 was or would be subject to forfeiture and that whatever interest he may have had in the funds was extinguished upon completion of the civil forfeiture proceedings in circuit court civil case number 03-6433. However, neither a final judgment of forfeiture nor other documents conclusively establishing forfeiture of the $108,375 was attached to the court's order. Further, the documents included with the State's response do not fully support the court's conclusions.
Thus, we must again reverse and remand for further proceedings because the record documents do not support the summary denial of Wilson's motion. See Harkless v. State, 32 Fla. L. Weekly D792, D793, ___ So.2d ___, ___, 2007 WL 865808 (Fla. 2d DCA Mar.23, 2007); Bolden v. State, 875 So.2d 780, 782 (Fla. 2d DCA 2004). On remand, the circuit court should first address the sufficiency of Wilson's motion. If the court dismisses the motion as facially insufficient, it shall identify the deficiencies and grant Wilson leave to amend within a reasonable time. See Harkless, 32 Fla. L. Weekly at D793, ___ So.2d at ___; Justice, 944 So.2d at 540. If the court deems the motion to be facially sufficient, then it must conduct an evidentiary hearing or attach those record documents that conclusively refute Wilson's claim. See Harkless, 32 Fla. L. Weekly at D793, ___ So.2d at ___; Cloud v. State, 801 So.2d 964 (Fla. 2d DCA 2001).
Further, it is still unclear whether Wilson's motion seeks relief from a final judgment entered following forfeiture proceedings under sections 932.701 to 932.707, or if he seeks relief pursuant to section 705.105(1). If he seeks relief from a forfeiture judgment, he may only be able to proceed under Florida Rule of Civil Procedure 1.540 if he is able to establish a basis for relief under that rule. See Reed v. City of Clearwater, 899 So.2d 343, 344 (Fla. 2d DCA 2005). If he seeks relief from the disposition of funds pursuant to section 705.105(1), his claim may be untimely because it was not filed within sixty days after the conclusion of the criminal proceeding. See Sarmiento v. State, 816 So.2d 826, 827 (Fla. 3d DCA 2002).
Accordingly, we reverse the order denying Wilson's motion for return of the $108,375 and remand for further proceedings consistent with this opinion.
Reversed and remanded.
WHATLEY and DAVIS, JJ., Concur.