984 So.2d 1274 (2008)
Herbert SHULER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-4668.
District Court of Appeal of Florida, Second District.
June 27, 2008.
CANADY, Judge.
This postconviction appeal requires us to consider the relationship between the Florida Contraband Forfeiture Act, § 932.701-.707, Fla. Stat. (2004) (the Act), and the statutory procedure for return of unclaimed personal property that has been lawfully seized as evidence or pursuant to a criminal investigation, § 705.105, Fla. Stat. (2004). We reverse the postconviction court's order in this case and hold that the court erred when it summarily denied the defendant's motion for an adversarial preliminary hearing under the Act by making unsupported factual findings and premature legal conclusions that the defendant's property was not seized pursuant to the Act and that the money had vested in the custody of the Highlands County Sheriff's Office pursuant to section 705.105.
In August 2006, approximately a year after he was convicted for possession of cocaine with intent to sell and three misdemeanor drug offenses, Herbert D. Shuler filed a motion for an adversarial preliminary hearing under the Contraband Forfeiture Act. Mr. Shuler alleged that the arresting officers had never given him notice pursuant to the Act that he could contest probable cause for their seizure of $665 discovered in his wallet at the crime scene. See § 932.703(2)(a). Attached to his motion was the arrest affidavit, which described the drug transaction leading to Mr. Shuler's arrest and which noted that "[t]he defendant's wallet containing his identification and $665 was also recovered from the center of the front seat of the vehicle."
*1275 The postconviction court denied Mr. Shuler's motion for a probable cause hearing based on the sheriff's response to the motion. The sheriff contended that the "Florida Contraband Act only pertains to felony acts giving rise to identification of contraband articles." The incident leading to the seizure of Mr. Shuler's currency, the sheriff asserted, did not include an arrest for a felony; rather, Mr. Shuler's commission of the several misdemeanors arising out of these events constituted a violation of his probation for a previous drug felony rather than a new felony. Therefore, the sheriff concluded that the Act did not apply to the seizure of the money in Mr. Shuler's wallet. The sheriff further asserted that "all applicable reports of the Sheriff's Office"without more specific information about those reportsreferred to the money as evidence of a crime rather than contraband.
The postconviction court apparently agreed with the sheriff's response in spite of the fact that it was totally unsupported by fact or law. Nothing in the record attachments to the postconviction court's order demonstrates that on the date in question, March 3, 2005, Mr. Shuler was not arrested for a new felony. To the contrary, a notation at the top of the arrest affidavit reads: "Poss of Cocaine W/I/T/S W/I 1000' Church," which can only be interpreted to mean "possession of cocaine with intent to sell within 1000 feet of a church," a violation of section 893.13(1)(e)(1), a first-degree felony. Nor is there any record evidence that Mr. Shuler was on probation when he committed these offenses. Moreover, whether or not the crime for which Mr. Shuler was arrested is a felony is not determinative of whether the Act applies.
Section 932.701(2)(a) defines a contraband article as "[a]ny controlled substance as defined in chapter 893 . . . or currency or other means of exchange that was used, was attempted to be used, or was intended to be used in violation of any provision of chapter 893," provided that the State establishes upon "clearly sufficient" facts that there is "probable cause to believe that a nexus exists between the article seized and the narcotics activity." Thus, the Act would apparently apply to the seizure of Mr. Shuler's money as suspected contraband connected with narcotics activity, regardless of whether the crimes constituted felonies.[1]
If Mr. Shuler's $665 was seized as contraband, he was entitled to notice at the time of seizure of his right to an adversarial probable cause hearing to determine the existence of a nexus between the currency and the drug offenses for which he was arrested. § 932.703(2)(a). Even more significant, if Mr. Shuler's money was seized as contraband, he would be specifically precluded from utilizing the procedure for return of unclaimed evidence, § 705.105, by that statute's very terms, which defines "unclaimed evidence" as "any tangible personal property, including cash, not included within the definition of `contraband article,' as provided in s. 932.701(2)." § 705.101(6) (emphasis added). Thus, without a factual determination that Mr. Shuler had not used these funds or did not intend to use them to facilitate drug transactions, as he claims in his motion, he would be left with no legal means to secure their return. See Cloud v. State, 810 So.2d 573, 574 (Fla. 2d DCA 2002) (holding that upon review of applicable arrest reports, section 705.105 did not apply to the defendant's *1276 motion for return of $1900 seized when he was arrested but further holding that the record was insufficient for a determination of whether the defendant's money had been properly seized pursuant to the Act).
We hold that the postconviction court erred when it denied Mr. Shuler's motion for an adversarial probable cause hearing based solely upon the allegations of the sheriff's response without attaching any documents conclusively refuting Mr. Shuler's claim or making any independent evidentiary findings that the seized currency was or was not contraband as defined in the Act. We reverse and remand for the postconviction court to hold an evidentiary hearing to make such a determination. If the currency was seized as contraband, the postconviction court should consider whether the sheriff instituted appropriate proceedings under the Act or otherwise established probable cause that a nexus existed between the seized money and the chapter 893 offenses for which Mr. Shuler was arrested. See Wilson v. State, 957 So.2d 1264, 1265 (Fla. 2d DCA 2007); Wilson v. State, 924 So.2d 969, 970 (Fla. 2d DCA 2006). If the currency was not seized as contraband but for some other evidentiary purposea highly improbable scenario in the typical drug transaction then the postconviction court must determine whether the statutory limitations on the return of unclaimed evidence would preclude Mr. Shuler from recovering the money. See White v. State, 926 So.2d 473, 474 (Fla. 2d DCA 2006).
Reversed and remanded for further proceedings.
ALTENBERND and SALCINES, JJ., Concur.
NOTES
[1] In contrast, section 932.701(2)(a)(5) of the Act applies to "personal property, including, but not limited to . . . currency, which was used or was attempted to be used as an in-strumentality in the commission of . . . any felony." However, in Mr. Shuler's case, the more specific subsection, 932.701(2)(a)(1), controls.