*875
 
 WHATLEY, Judge.
 

 Michael Jones appeals from the summary denial of his motion for return of property pursuant to section 705.105(1), Florida Statutes (2009). Because we are unable to determine the basis for the denial of the motion, we reverse and remand for further proceedings.
 

 Jones alleges in his motion that the Hillsborough County Sheriffs Office seized a “plethora” of his personal and business property as part of a criminal investigation in 2006. He asserts that this property is not the fruit of any criminal activity, was not entered into evidence and is no longer needed as evidence, and remains in the sheriff’s possession. Attached to the motion are numerous documents, including the sheriffs inventory of the items seized, most of which are computers, hard drives, diskettes, cameras, and computer and camera accessories. Some of the items were immediately transferred to the Federal Bureau of Investigation, according to a document reflecting their receipt by that agency on the day they were seized. Jones’s motion does not describe the crimes with which he was charged or convicted but recites only that his motion is timely as it was filed within sixty days of the issuance of the mandate on his direct appeal. The circuit court issued an order summarily denying the motion without any explanation or record attachments to refute Jones’s claim that he is entitled to return of his property.
 

 The circuit court should have first made a decision on the facial sufficiency of Jones’s motion. “A facially sufficient motion for return of property must specifically identify the property and allege that it is the movant’s personal property, that the property is not the fruit of criminal activity, and that the property is not being held as evidence.”
 
 Wilson v. State,
 
 957 So.2d 1264, 1265 (Fla. 2d DCA 2007) (quoting
 
 Justice v. State,
 
 944 So.2d 538, 589 (Fla. 2d DCA 2006)). If the court in fact considered Jones’s motion facially sufficient, several courses of action were available. The court could have denied the motion on its merits with attachments to its order that conclusively refute Jones’s entitlement to return of the property, perhaps after ordering a response from the State. Alternatively, the court could have granted or denied the motion after holding an evidentiary hearing.
 
 See Almeda v. State,
 
 959 So.2d 806, 809 n. 2 (Fla. 2d DCA 2007). In any event, a bare summary denial, without explanation or attachments, is improper; and we reverse and remand for further proceedings.
 

 Reversed and remanded.
 

 SILBERMAN and KELLY, JJ., Concur.