DEMPSEY, ANGELA, Associate Judge.
Appellant, James R. Bailey, appeals the trial court’s August 29, 2011 order denying his motion for return of property without holding an evidentiary hearing. Because the trial court failed to hold an evidentiary hearing, we reverse and remand for further proceedings.
On February 16, 2006, Appellant was tried by a jury and convicted of burglary with an assault or battery, aggravated battery and battery on a person 65 years or older. During the trial, the state introduced a gold necklace belonging to Appellant as State’s exhibit 35. On March 1, 2006, the trial court sentenced Appellant to a total of 25 years of incarceration. This Court affirmed Appellant’s conviction in his direct appeal in Bailey v. State, 952 So.2d 1194 (Table), (Fla. 1st DCA 2007), with a mandate issued April 16, 2007.
The procedure for a defendant to move for the return of seized property is similar to a motion for post-conviction relief. The defendant must file a timely motion alleging three things: that the property is exclusively his own, that it was not the fruit of illegal activity, and that it is not being held for evidentiary purposes. If the motion is facially sufficient, the court may issue an order to show cause to the State to assist the court in determining whether the defendant’s allegations can be conclusively refuted. If the court is unable to conclusively refute the defendant’s allegations, an evidentiary hearing is required before a court denies a motion for return of property. Sanchez v. State, 88 So.3d 389 (Fla. 4th DCA 2012).
In this case, Appellant filed a Motion for Return of Property and the trial court issued an Order Directing State to Respond. The State’s response indicated that the property Appellant seeks the return of was previously entered into evidence at trial. The State also alleged that the Appellant’s motion was untimely. Petitioner filed an Answer to State’s Response and attached an additional “Motion to Return Property” with a “Provided to Hamilton County Cl for Mailing” stamp dated May 2, 2007, which Petitioner alleges was never ruled upon.
The trial court found that because the necklace was entered into evidence at the trial, Petitioner is not entitled to the return of the necklace. The fact that the property was previously entered into evidence at the trial level is insufficient to deny the motion without a hearing. Rather the State must show a continuing need for the property. Thomas v. State, 997 So.2d 476 (Fla. 1st DCA 2008).
The trial court also found that the motion was untimely because Section 705.105, Fla. Stat. requires a motion for return of property be filed within 60 days of the “conclusion of the proceeding” or date of the mandate. However, based on the Motion to Return Property attached to Petitioner’s Answer to State’s Response it appears that Petitioner timely filed a prior motion that was never ruled upon. This prior motion does not appear on the trial court’s docket; nevertheless if it was timely provided to prison officials it is deemed *520 filed pursuant to the mailbox rule. Mayo v. State, 977 So.2d 732 (Fla. 1st DCA 2008). As such, if the prior motion and May 2, 2007 date stamp are authentic, Petitioner’s current claim should not be denied as untimely. See Forbes v. State, 826 So.2d 421 (Fla. 3rd DCA 2002).
Therefore, we reverse and remand for an evidentiary hearing to provide the defendant an opportunity to prove 1) whether the prior motion and date stamp are authentic, 2) whether the property is exclusively his own, 3) that the property was not the fruit of illegal activity, and 4) that the property is not being held for continuing evidentiary purposes.
REVERSED AND REMANDED.
VAN NORTWICK and ROBERTS, JJ., concur.