EMAS, J.
Marxene Juste has filed a petition for writ of mandamus, which we treat as an appeal of the trial court’s order summarily denying his motion for return of personal property seized by law enforcement. We reverse the. trial court’s order denying the motion.
In October of 2005, Juste was arrested and charged with several felonies. At the time of his arrest, $1251 in United States currency was seized from him by the North Miami Police Department. Juste alleges that these monies continue to be held by the North Miami Police Department or by the Miami-Dade Police Department.
Juste filed an initial motion for return of property. In his motion, Juste alleged that the money is his personal property, that it is not the fruit of criminal activity, and that it was not and is not being held as evidence. The trial court denied the motion, but did so without prejudice for Juste to provide proof of service upon the seizing agency as well as proof of the amount of money he was requesting be returned.
Juste thereafter filed supplemental documentation establishing proof of the amount of money sought to be returned,[1] and evidencing service upon both police agencies.[2] The trial court denied the mo *380 tion[3] without an evidentiary hearing, and it is this order from which Juste appeals.
The trial court erred in denying the motion without first conducting an eviden-tiary hearing or attaching portions of the record which conclusively refuted the allegations. Juste filed a facially sufficient motion, see Bolden v. State, 875 So.2d 780, 782 (Fla. 2d DCA 2004) (a facially sufficient motion for return of property must specifically describe the property at issue, and must allege that the property was his personal property, was not the fruit of criminal activity, and was not being held as evidence) and, as directed by the trial court in its earlier denial without prejudice, provided proof of the amount of money seized and proof of service upon the seizing agency.
We reverse the trial court’s order and remand for further proceedings. The trial court may issue an order to show cause to enlist the State’s assistance in determining whether Juste’s allegations can be conclusively refuted. If the record does not conclusively refute the allegations, an evi-dentiary hearing is required before a court may deny the motion. Sanchez v. State, 88 So.3d 389, 391 (Fla. 4th DCA 2012).

. Juste provided a copy of the property receipt evidencing the seizure of the $1251.

. Juste provided proof of service by mail upon the North Miami Police Department and the *380 Miami-Dade Police Department. See Fla. R.Crim. P. 3.030(b) (permitting service of pleadings and motions by mail). See also Bolden v. State, 875 So.2d 780, 782 (Fla. 2d DCA 2004) (observing that when a defendant “seeks the return of seized property as the true owner, the applicable procedure is similar to the procedure for the consideration of a motion for postconviction relief.”)

. Like the first order, this order was entered "without prejudice.” Unlike the first order, however, this order failed to provide any further explanation for the denial.