KELLY, Judge.
Yolanda Dawson appeals the order summarily denying her motion for return of property and request for telephonic hearing. We reverse because Ms. Dawson’s motion is facially sufficient and the circuit court summarily denied it without attaching portions of the record that conclusively refute her claim.
In her motion, Ms. Dawson alleged that items of specifically identified computer equipment were her personal property, were not the fruit of criminal activity, and were not being held as evidence. See Jones v. State, 42 So.3d 874, 875 (Fla. 2d DCA 2010) (setting forth allegations required to state a facially sufficient claim for return of property). In response, the Manatee County Sheriffs Office wrote a letter asserting that the authorization for release of property it attached showed that the subject property is in the possession of the postal inspector.
The circuit court summarily denied Ms. Dawson’s motion without attaching portions of the record conclusively refuting her claim. This was error. A circuit court may deny a facially sufficient motion for return of property by attaching documents that conclusively refute the movant’s entitlement to the property or it may grant or deny the motion after holding an evidentiary hearing. Id.; Almeda v. State, 959 So.2d *1291 806, 809 (Fla. 2d DCA 2007). A property receipt or authorization for release of property from a law enforcement agency alone without any explanation may not conclusively refute a motion for return of property. See Justice v. State, 944 So.2d 538, 540 (Fla. 2d DCA 2006).
Accordingly, we reverse and remand with directions for the circuit court to either attach portions of the record conclusively refuting Ms. Dawson’s motion or hold an evidentiary hearing.
NORTHCUTT and VILLANTI, JJ„ Concur.