DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SCOTT AREL,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-1464

[March 18, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael A. Robinson, Judge; L.T. Case No. 09-010936 CF10B.

Scott Arel, Milton, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Angela E. Noble, Assistant Attorney General, West Palm Beach, for appellee.

GERBER, J.

The defendant appeals from the circuit court's order summarily denying his motion to return property. The defendant argues, among other things, that the court, in denying his motion, erred by not identifying any deficiencies in his motion and not granting him leave to amend his motion within a reasonable time. We agree with this argument and reverse.

The defendant's motion, drafted on a pre-printed form, described his alleged property as: "4 (four) full pages of property, Jewelry, High School Ring, Ect, [sic]." The motion stated that this property was taken from him "[p]ursuant to a search incidental to arrest and/or an inventory search," and that the property "was seized and held as evidence" by four named officers/deputies "of the Broward Police Department / Sheriff's Office."

The state, in its response, argued that the court should summarily deny the motion because:

> Defendant's motion asserts such property is held by Broward Sheriff's Department Officers. Defendant does not assert that

> such property is being held by the clerk of this Court, or by the State Attorney's Office. Accordingly, Defendant should seek relief from the [BSO].

The state also argued that the defendant's motion did not specifically identify his property, but instead "assert[ed] that mostly unspecified items of property were obtained." (footnote omitted).

The court denied the defendant's motion for the reasons contained in the state's response, which the court incorporated in its order by reference.

This appeal followed. We agree with the defendant's argument that the court, in denying his motion, erred by not identifying any deficiencies in his motion and not granting him leave to amend his motion within a reasonable time.

"A facially sufficient motion for return of property must specifically identify the property and allege that it is the movant's personal property, that it is not the fruit of criminal activity, and that it is not being held as evidence." *West v. State*, 35 So. 3d 175, 176 (Fla. 2d DCA 2010) (citation omitted). "If the court dismisses the motion as facially insufficient, it shall identify the deficiencies and grant [the defendant] leave to amend within a reasonable time." *Wilson v. State*, 957 So. 2d 1264, 1265 (Fla. 2d DCA 2007) (citations omitted).

Here, the defendant's motion was facially insufficient. The motion did not allege that the property was not being held in evidence, did not allege that the property at issue was not the fruit of criminal activity, and did not specifically identify all of the defendant's alleged property. Instead, the motion summarily listed the property as: "*4 (four) full pages of property*, Jewelry, High School Ring, *Ect*, [sic]." (emphasis added). Because of these facial deficiencies, the circuit court, in denying the defendant's motion, should have identified the deficiencies and granted the defendant leave to amend within a reasonable time. We remand for this purpose.

For purposes of remand, we note the lack of merit in the state's argument to the circuit court that the defendant's motion was facially insufficient because it "assert[ed] such property is held by Broward Sheriff's Department Officers" and "[did] not assert that such property is being held by the clerk of [the circuit] Court, or by the State Attorney's Office." Such a distinction is not relevant to the court's jurisdiction over the seized property. *See Bolden v. State*, 875 So. 2d 780, 782 (Fla. 2d DCA 2004) ("When a trial court assumes jurisdiction over criminal charges, it has inherent authority to assist the true owner in the recovery of property

2

that has been seized from the defendant," including when the defendant seeks return of seized property) (citations omitted).

We also note the lack of merit in the state's argument to this court that because more than sixty days have passed since the conclusion of the defendant's underlying case, he no longer has a claim to his alleged property, and therefore should not be permitted to amend his motion. *See* § 705.105(1), Fla. Stat. (2013) ("Title to unclaimed evidence or unclaimed tangible personal property lawfully seized pursuant to a lawful investigation in the custody of the court or clerk of the court from a criminal proceeding or seized as evidence by and in the custody of a law enforcement agency shall vest permanently in the law enforcement agency 60 days after the conclusion of the proceeding."); *Sarmiento v. State*, 816 So. 2d 826, 827 (Fla. 3d DCA 2002) (affirming order denying a defendant's petition for the return of his property where the defendant did not file his petition within sixty days of his criminal proceeding's conclusion as section 705.105(1) requires). The state's argument lacks merit because the defendant timely filed his *original* motion. *See Schwenn v. State*, 958 So. 2d 531, 533 (Fla. 4th DCA 2007) ("If a motion is dismissed or stricken with leave to amend, then the amendment would relate back to the original motion and would be timely.") (citation omitted).

Because we have concluded that the circuit court, in denying the defendant's facially insufficient motion, should have identified the deficiencies and granted the defendant leave to amend within a reasonable time, we do not reach the defendant's premature argument that the court should have held an evidentiary hearing on the motion. *See West*, 35 So. 3d at 176 ("*If the allegations are deemed sufficient*, the court is obliged to provide an evidentiary hearing to determine whether the property is in the custody of the sheriff's office and should be returned to the movant.") (emphasis added; citation omitted).

*Reversed and remanded.*

WARNER and MAY, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***

3