PER CURIAM.
Appellant, Robert Lee Nofsinger, appeals the trial court’s order summarily denying his motion for return of property. Because the trial court failed to hold an evidentiary hearing and the attachment to its order does not conclusively refute Appellant’s claim, we reverse and remand for further proceedings.
Pursuant to a plea agreement, Appellant pleaded no contest to lewd or lascivious battery on a person less than sixteen years of age and was adjudicated guilty and sentenced to six years of imprisonment. Appellant filed a third Motion for Return of Property, wherein he sought the return of a “Droid Motorola Cellphone” the Bay County Sheriffs Office had seized. Appellant alleged that the phone was exclusively his property, was not the fruit of illegal activity, and was not being held by the Sheriffs Office for evidentiary purposes. The Sheriffs Office filed an objection to the motion, in which it argued in part that “the item has been removed from the indexed storage area and co-mingled with other evidence to be the subject of a Motion for Destruction. (It is effectively in a large trash can which will require extensive effort to recover/identify this specific phone.)” and that “[Appellant] was charged with sexual offenses against his granddaughter and the phone had photographs that were suggestive of more than a traditional grandfather-granddaughter relationship.”
Subsequently, the trial court entered an Order Denying Motion for Return of Property, concluding that although the motion was facially sufficient, “the record refutes the [Appellant’s] third allegation that the property was not held for evidentiary purposes. (Disc. Resp., November 20, 2012.).” The trial court attached to its order the State’s discovery response in the criminal proceeding, wherein the State listed “Files from cell phone (1 CD)” under the heading “Additional Discovery List.” The trial court denied Appellant’s ensuing motion for reconsideration, and this appeal followed.
A motion for return of property must be timely filed and must allege that the property (1) is exclusively the defendant’s own, (2) is not the fruit of illegal activity, and (3) is not being held for evi-dentiary purposes. Bailey v. State, 93 So.3d 518, 519 (Fla. 1st DCA 2012) (noting that the procedure on a motion for return of property is similar to that involving a motion for postconviction relief). If the motion is facially sufficient, the trial court *981 may issue a show cause order to the State. Id. “If the court is unable to conclusively refute the defendant’s allegations, an evi-dentiary hearing is required before a court denies a motion for return of property.” Id. (noting that the fact that the property was entered into evidence is insufficient for the denial of a motion without a hearing and the State must show a continuing need for the property); see also Dawson v. State, 104 So.3d 1290, 1291 (Fla. 2d DCA 2013) (reversing the summary denial of the appellant’s motion for return of property and remanding to the trial court with directions to either attach portions of the record that conclusively refute her motion or hold an evidentiary hearing); Wilson v. State, 121 So.3d 1175, 1175 (Fla. 1st DCA 2013) (reversing and remanding the order summarily denying the appellant’s motion to return property and reasoning that “[b]ecause the motion was facially sufficient, the trial court was required to either conclusively refute the allegations or hold an evidentiary hearing”).
Here, the trial court summarily denied Appellant’s motion for return of property upon finding that his motion was facially sufficient but that the State’s discovery response refuted his allegation that the property is not held for evidentiary purposes. Though the trial court attached the State’s discovery response to its order, that attachment did not conclusively refute Appellant’s motion. The discovery response merely listed a CD containing “files from cell phone.” That discovery response not only failed to list the phone itself and indicated that the files therefrom were saved onto a CD, but it also did not serve as evidence that the phone is still being held for evidentiary purposes. Indeed, the State did not claim that the phone is being held for evidentiary purposes, and the Sheriffs Office represented that the phone is awaiting destruction in a trash can, a clear indication that the phone is not being held for evidentiary purposes.
With regard to the State’s emphasis on the claim that the cell phone contains photographs of the victim, we note that the attached portion of the record does not refute Appellant’s motion, the representation by the Sheriffs Office concerning the nature of the photographs was vague, and nothing in the record before us shows the content of the files on the phone. See West v. State, 35 So.3d 175, 176 (Fla. 2d DCA 2010) (explaining that a trial court may not base its denial of a motion for return of property on the factual representations of an attorney, and reversing and remanding the summary denial of the appellant’s motion to return seized property because thé postconviction court erroneously based its denial solely on the representations of an attorney for the sheriffs office).
Accordingly, we reverse the trial court’s order summarily denying Appellant’s motion for return of property and remand to the trial court with directions to either hold an evidentiary hearing or attach portions of the record that conclusively refute the motion.
REVERSED and REMANDED with directions.
LEWIS, WETHERELL, and MAKAR, JJ., concur.