NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ARNOLD CHAPMAN, III,                    )
                                        )
            Appellant,                  )
                                        )
v.                                      )        Case No. 2D15-5194
                                        )
STATE OF FLORIDA,                       )
                                        )
            Appellee.                   )
_____)

Opinion filed June 10, 2016.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Hillsborough County; Tom Barber,
Judge.

PER CURIAM.

        Arnold Chapman, III, appeals the order summarily denying his motion for

return of property.  Because we are unable to determine the basis for the denial, we

reverse and remand for further proceedings.

        In his motion, Chapman asserted that the police seized $757 in cash that

was his personal property and that was not the fruit of criminal activity or being held as

evidence.  The trial court entered an order memorializing its oral denial of the motion at

an earlier hearing that it called a status hearing.  The order gave no explanation for the denial.

"A circuit court may deny a facially sufficient motion for return of property by attaching documents that conclusively refute the movant's entitlement to the property or it may grant or deny the motion after holding an evidentiary hearing."  Dawson v. State, 104 So. 3d 1290, 1290 (Fla. 2d DCA 2013) (citing Jones v. State, 42 So. 3d 874, 875 (Fla. 2d DCA 2010)).  "[A] bare summary denial, without explanation or attachments, is improper . . . ."  Jones, 42 So. 3d at 875.  Although it is possible that the trial court gave an explanation for its denial of Chapman's motion at the August 21, 2015, status hearing, we do not have a transcript of that hearing and the written order does not contain an explanation for the denial.

Accordingly, we reverse the trial court's order and remand for the court to either attach portions of the record conclusively refuting Chapman's motion, enter an amended order explaining the reason for the denial of the motion, or, if it has not already done so, hold an evidentiary hearing.  See Dawson, 104 So. 3d at 1291.

Reversed and remanded with directions.


CASANUEVA, KHOUZAM, and CRENSHAW, JJ., Concur.