# Third District Court of Appeal

## State of Florida

Opinion filed December 21, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1851
Lower Tribunal No. 15-24839
_____

**Angel M. Miguel a/k/a Miguel Angel,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Yvonne Colodny, Judge.

Angel M. Miguel a/k/a Miguel Angel, in proper person.

Pamela Jo Bondi, Attorney General, and Jacob Addicott, Assistant Attorney General, for appellee.

Before WELLS, LAGOA and EMAS, JJ.

EMAS, J.

Angel M. Miguel appeals from the trial court's denial of his postconviction motion for return of property. While we agree that the motion was facially insufficient,[1] we hold that the trial court erred in denying the motion without granting Miguel an opportunity to amend the motion to set forth a facially sufficient claim.

The trial court denied the motion as both untimely and facially insufficient. On appeal, the State properly concedes that the motion was timely. See § 705.105(1), Fla. Stat. (2016) (providing that "[t]itle to unclaimed evidence or unclaimed tangible personal property lawfully seized pursuant to a lawful investigation in the custody of the court or clerk of the court from a criminal proceeding or seized as evidence by and in the custody of a law enforcement agency shall vest permanently in the law enforcement agency 60 days after the conclusion of the proceeding"); Davis v. State, 198 So. 3d 1070 (Fla. 5th DCA 2016) (holding sixty-day time period under section 705.105 did not commence until appellate court issued mandate following direct appeal of conviction). In the instant case, Miguel pleaded guilty on March 8, 2016, and did not take an appeal from the judgment and sentence, which therefore became final on April 7, 2016.

---

[1] See Arel v. State, 160 So. 3d 104, 105-06 (Fla. 4th DCA 2015) (holding that "[a] facially sufficient motion for return of property must specifically identify the property and allege that it is the movant's personal property, that it is not the fruit of criminal activity, and that it is not being held as evidence"); Bolden v. State, 875 So. 2d 780 (Fla. 2d DCA 2004).

Thus, April 7, 2016 constitutes the date of the "conclusion of the proceeding" under section 705.105(1), and Miguel had sixty days from that date—until June 6, 2016—to file his motion. Miguel filed his motion on June 3, 2016, and it was therefore timely.

The State also properly concedes that, given that Miguel's motion was timely filed, the trial court erred in denying the motion as facially insufficient without granting Miguel an opportunity to amend his motion to state a facially sufficient claim. Wilson v. State, 957 So. 2d 1264, 1265 (Fla. 2d DCA 2007) (holding that "[i]f the court dismisses the motion [for return of property] as facially insufficient, it shall identify the deficiencies and grant [movant] leave to amend within a reasonable time"); Arel v. State, 160 So. 3d 104 (Fla. 4th DCA 2015).

We therefore reverse the trial court's order and remand for the trial court to enter an order denying the motion as facially insufficient and granting leave for Miguel to file an amended motion within sixty days. If Miguel files an amended motion that remains facially insufficient, the trial court may enter a final order denying the motion. If Miguel files an amended motion that is facially sufficient, the trial court shall either conduct an evidentiary hearing or summarily deny the motion by an order that attaches those portions of the record which conclusively establish Miguel is entitled to no relief. Holmes v. State, 997 So. 2d 1184 (Fla. 3d DCA 2008); Bolden v. State, 875 So. 2d 780 (Fla. 2d DCA 2004).

3

Reversed and remanded with directions.