# Third District Court of Appeal

## State of Florida

Opinion filed October 18, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2754
Lower Tribunal No. 10-24204
_____

**Calvin Watkins,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Stacy D. Glick, Judge.

Calvin Watkins, in proper person.

Pamela Jo Bondi, Attorney General, and Christina L. Dominguez, Assistant Attorney General, for appellee.

Before LAGOA, EMAS and SCALES, JJ.

SCALES, J.

Appellant Calvin Watkins appeals an unelaborated January 27, 2016 trial court order denying what appears to be Watkins's third motion seeking an order

requiring the Miami-Dade Police Department to return Watkins's personal property[1] that was apparently seized during an arrest of Watkins in August of 2010. We reverse the order on appeal and remand to the trial court for proceedings to specify any insufficiency in Watkins's December 30, 2015 motion, and to allow Watkins a reasonable time to file an amended motion. If, on remand, the State continues to take the position that Watkins has not timely sought the return of the property seized during his August 2010 arrest, then the trial court, because of the conflicting evidence, shall conduct an evidentiary hearing to determine the timeliness issue and shall proceed to adjudicate Watkins's motion. We also instruct the trial court to appoint counsel for Watkins for the remand proceedings, and order the parties to ensure that the Miami-Dade Police Department receives notice of all remand proceedings.

## I. Facts

Watkins was arrested on August 19, 2010, by the Miami-Dade Police Department and, by amended information in 2012, Watkins was charged with several counts of fraud and grand theft. The State dismissed these charges on April 13, 2015.

---

[1] The record reflects a property receipt that catalogues numerous items of expensive clothing. Watkins also maintains that the police seized additional personal property, including laptop computers, watches, a wallet and its contents, and additional items.

The lower court docket reflects that, during the pendency of the charges against him, Watkins, through counsel, filed two motions seeking an order requiring the Miami-Dade Police Department to return Watkins's personal property that was seized by the department when Watkins was arrested. It appears that the first motion, filed on or about June 15, 2011, was set for hearing on June 24, 2011. The notice of hearing for the first motion, though, contains a handwritten notation that the hearing was "reset" to "July 20." It is unclear from the limited record before us whether this motion was ever adjudicated.

The second motion, filed on or about June 25, 2013, contains a handwritten notation at the bottom of the motion indicating that the motion was "Denied w/out prejudice" on that date (i.e., June 25, 2013). Both motions specifically allege that the seized property belongs to Watkins, and the June 2013 motion specifically alleges that the seized items "have no possible evidentiary value to the State of Florida."

After the April 13, 2015 dismissal of the charges against Watkins, Watkins sent a letter, dated November 27, 2015, to the Miami-Dade Police Department asking for the return of his belongings. The police responded by sending Watkins two letters.

The first letter, dated December 10, 2015, informed Watkins that he must obtain "(a) Court Order specifying the individual who is to receive the property"

3

and that "proof of ownership needs to be submitted when the Motion for Return of property is filed." This letter goes on to advise Watkins that "(t)he Property and Evidence Section needs to receive a copy of the Motion and an original certified copy of the Court Order." Finally, this letter advises Watkins that he has "60 days from the date on this letter to obtain a Court Order for the return of the property. If you do not obtain the Court Order in the specified time, ownership of said property shall be vested to the Miami-Dade Police Department."

The second letter, dated December 30, 2015, informed Watkins of the correct police case number for the matter, and also enclosed copies of the property receipts listing the items in the police department's care.

Watkins responded to the police department's letters on December 30, 2015 by filing a *third* motion seeking the return of his property.[2] This third motion, filed by Watkins pro se, makes the same general allegations as Watkins's previous two motions, and also alleges that several items that are not reflected on the property receipts were also seized by the police department during Watkins's August 2010 arrest. This third motion also makes the following specific allegation:

> As no criminal charges were filed in connection with the aforementioned property and the case which initiated seizure of said property was nolle prosequi and dismissed and further investigation via FDLE databases and the like resulted in no stolen items reports, ownership defaults to the defendant as no proof of unlawful possession or gain existed.

---

[2] This third motion was received by the trial court on January 8, 2016.

4

The trial court summarily denied this motion in an unelaborated order dated January 27, 2016. In this form order, the trial court checked a box indicating that Watkins's pro se motion is "insufficient." It is from this January 27, 2016 order that Watkins appeals.[3]

## II. Analysis

### a. Sufficiency of Motion

While the Florida Supreme Court has not adopted a formal rule of criminal procedure prescribing the requisites and timing of a criminal defendant's motion to return property seized in an arrest, Florida case law suggests that such a motion should follow the same procedures as a motion for post-conviction relief. Bolden v. State, 875 So. 2d 780, 782 n.3 (Fla. 2d DCA 2004). Florida's appellate courts have concluded that, to be facially sufficient, the motion must allege three things regarding the seized property: (1) that it is exclusively the movant's own property; (2) that it was not the fruit of illegal activity; and (3) that it is not being held for evidentiary purposes. Bailey v. State, 93 So. 3d 518, 519 (Fla. 1st DCA 2012). Florida case law requires that, if a motion for the return of property is not

---

[3] While not necessarily relevant to this appeal, it appears from the docket that, on February 3, 2016, Watkins, again pro se, filed another motion, *his fourth*, seeking the return of his property. On February 19, 2016, the trial court entered an order striking this fourth motion as successive. Because we reverse the trial court's January 27, 2016 order, we necessarily quash this February 19, 2016 order.

sufficiently pled, the trial court, prior to entering a final order denying the motion, must first identify the deficiencies and allow the movant an opportunity to amend the motion within a reasonable time. Miguel v. State, 209 So. 3d 66, 67 (Fla. 3d DCA 2016); Arel v. State, 160 So. 3d 104, 105-06 (Fla. 4th DCA 2015); Wilson v. State, 957 So. 2d 1264, 1265 (Fla. 2d DCA 2007). If the trial court finds the motion to be facially sufficient, then it may order the State to cite applicable law and to attach portions of the record to refute the claimant's contention or, in the alternative, it may hold an evidentiary hearing. Bolden at 782-83.[4]

In its January 27, 2016 order, the trial court ruled only that Watkins's December 30, 2015 motion was "insufficient." The trial court should have identified why the motion was insufficient and granted Watkins leave to amend his motion within a reasonable time. Miguel, 209 So. 3d at 67. The trial court's failure to follow this procedure requires reversal, and a remand for the trial court to specify any insufficiency in Watkins's motion.[5] Arel, 160 So. 3d at 106.

b. *Timeliness of Motion*

---

[4] If a trial court summarily denies such a motion on the merits, similar to an order summarily denying a post-conviction motion, the order must attach to it those portions of the record conclusively establishing that the movant is entitled to no relief. Dawson v. State, 104 So. 3d 1290, 1290 (Fla. 2d DCA 2013).

[5] We express no opinion as to whether the trial court, in determining the sufficiency of Watkins's December 30, 2015 motion, may consider allegations contained in Watkins's prior motions.

While the order on appeal does not address whether Watkins's December 30, 2016 motion was timely, the State, in its answer brief to this Court, argues that we can and should conclude, as a matter of law, that Watkins's December 30, 2015 motion is untimely.

As mentioned above, the Florida Supreme Court has not adopted a criminal procedure rule governing the timing of a defendant's motion seeking the return of seized property. The analysis, though, of this procedural timing issue is informed, if not governed, by section 705.105(1) of the Florida Statutes.[6] This substantive statute vests title to "unclaimed evidence" in the law enforcement agency "60 days after the conclusion of the proceeding." Section 705.101(6) of the Florida Statutes defines "unclaimed evidence" in relevant part as "any tangible personal property . . . which . . . is retained by the law enforcement agency or the clerk of the county or circuit court for 60 days after the final disposition of the proceeding **and to which no claim of ownership has been made**." § 705.101(6), Fla. Stat. (2016) (emphasis added).

_____

[6] Section 705.105(1) reads, in its entirety, as follows:

> Title to unclaimed evidence or unclaimed tangible personal property lawfully seized pursuant to a lawful investigation in the custody of the court or clerk of the court from a criminal proceeding or seized as evidence by and in the custody of a law enforcement agency shall vest permanently in the law enforcement agency 60 days after the conclusion of the proceeding.

§ 705.105(1), Fla. Stat. (2016).

Hence, from a procedural standpoint, it logically follows that a motion seeking the return of "unclaimed evidence" must be filed prior to the date that title to the property permanently vests in the law enforcement agency, i.e., at least 60 days prior to the "conclusion of the proceeding." Thus, a motion filed more than sixty days after the conclusion of the criminal proceeding is untimely. <u>Romero-Saavedra v. State</u>, 735 So. 2d 1290, 1290-1291 (Fla. 3d DCA 1999).

In this case, the State argues that the proceedings in Watkins's criminal case were concluded on April 13, 2015, when the State dismissed the criminal charges against Watkins; therefore, the State argues, Watkins's motion was required to be filed prior to June 13, 2015 (within 60 days after the conclusion of the criminal proceedings against Watkins), and, because Watkins's motion was not filed until December 30, 2015, this motion is untimely. Importantly, though, not only was the timeliness issue not raised or adjudicated below, the State's brief does not mention, much less acknowledge, Watkins's two prior motions, filed in June 2011 and June 2013. Nor does the State's brief analyze what effect, if any, these two prior motions have on the timeliness issue.

As mentioned above, several Florida cases hold that a motion seeking the return of property filed after title has permanently vested to the law enforcement agency is untimely. <u>Id.</u>; <u>Bailey</u>, 93 So. 3d at 519. We have been unable, however, to find a case dealing with the situation presented here, that is, where a movant has

made a claim of ownership to property by filing a motion in the trial court *prior to* the conclusion of the proceedings.[7] Further complicating the timeliness issue in this case: (1) the Miami-Dade Police Department's letter specifically instructs Watkins that he has 60 days from the Department's December 10, 2015 letter to file his motion; (2) Watkins's June 2011 motion seeking return of the property does not appear to have been adjudicated; and (3) Watkins's June 2013 motion seeking return of the property was apparently denied "without prejudice" while the record is unclear as to what further proceedings were contemplated after this adjudication.[8] Simply put, issues abound regarding timeliness; therefore, we decline the State's invitation to adjudicate the timeliness issue on the scant record before us.

If, on remand, the State takes the position, as it has on appeal, that Watkins has not timely sought return of the items seized in his August 2010 arrest, the trial court needs to adjudicate that issue in the first instance; and we assume that, for the trial court to address this issue appropriately, an evidentiary hearing is required.

c. *Appointment of Counsel/Notification of the Department*

---

[7] We express no opinion as to whether such a motion constitutes a "claim of ownership" to the seized property so that the property would not be "unclaimed evidence," as defined in section 705.101(6) of the Florida Statutes.

[8] We express no opinion as to whether allegations in Watkins's December 2015 motion would relate back to either of Watkins's prior motions.

We recognize that on remand several complicated factual issues and novel legal issues regarding both sufficiency and timeliness might be implicated and argued. We, therefore, order the trial court to appoint counsel for Watkins to assist in the procedures on remand. We also order the parties to apprise the Miami-Dade Police Department of all proceedings on remand. In furtherance of that directive, the Clerk of this Court shall forward a copy of this Opinion, along with the mandate to follow, to the Miami-Dade Police Department.

### III. Conclusion

We reverse the trial court's January 26, 2016 unelaborated order denying, as "insufficient," Watkins's December 30, 2015 motion seeking the return of the property seized by the Miami-Dade Police Department during its August 2010 arrest of Watkins. We also quash the trial court's February 19, 2016 order denying, as successive, Watkins's February 3, 2016 motion. We remand to the trial court to specify any insufficiency in Watkins's motion, and to allow Watkins thereafter a reasonable opportunity to amend the motion. If, on remand, the State continues to take the position that Watkins has not timely sought the return of the property seized during his August 2010 arrest, then the trial court, because of the conflicting evidence, shall conduct an evidentiary hearing to determine the timeliness issue and shall proceed to adjudicate Watkins's motion. The trial court shall appoint counsel to represent Watkins in the proceedings on remand. The parties shall

10

notify the Miami-Dade Police Department of the proceedings on remand and, in furtherance of this directive, the Clerk of this Court shall forward a copy of this Opinion, along with the mandate to follow, to the Miami-Dade Police Department.

Reversed and remanded with instructions.