IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

MALCOLM N. PETERSON,

      Appellant,

 v.

Case No. 5D17-3275

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed June 22, 2018

Appeal from the Circuit Court
for Volusia County,
Leah R. Case, Judge.

James S. Purdy, Public Defender, and
Edward J. Weiss, Assistant Public
Defender, Daytona Beach, for
Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Rebecca Rock
McGuigan, Assistant Attorney General,
Daytona Beach, for Appellee.

PER CURIAM.

      Malcolm Peterson appeals the circuit court's order summarily denying his motion

seeking the return of personal property. We reverse because the circuit court erred by

denying the motion without either attaching records demonstrating that the evidence of

record refuted the motion or considering the motion on the merits at an evidentiary hearing.

While executing a search warrant at Peterson's residence, law enforcement seized various contraband and drug paraphernalia. In addition to these items, law enforcement seized $187.00 in cash from Peterson as well as a black wallet containing his Florida driver license and $2,565.00 in cash. The State charged Peterson with four drug-related offenses; but, the charges were ultimately nolle prossed.

Peterson then filed a motion seeking the return of his cash, wallet, and driver license. After receiving a response from the State, the circuit court summarily denied the motion. This appeal followed.

Review of an order summarily denying a motion for return of property is de novo. See Sanchez v. State, 174 So. 3d 439, 442 (Fla. 4th DCA 2015); Lebron v. State, 100 So. 3d 132, 133 (Fla. 5th DCA 2012) (citing McLin v. State, 827 So. 2d 948, 954 (Fla. 2002)).

Peterson argues that the circuit court erred in summarily denying his motion because it was facially sufficient, thus obligating the circuit court to attach portions of the record conclusively refuting the allegations in the motion or to hold an evidentiary hearing on the motion. We agree.

Upon receiving a motion for the return of property, the circuit court "should follow the same procedures as a motion for post-conviction relief." Watkins v. State, 230 So. 3d 1244, 1247 (Fla. 3d DCA 2017) (citing Bolden v. State, 875 So. 2d 780, 782 n.3 (Fla. 2d DCA 2004)). As such, the circuit court must first determine if the motion is facially sufficient. See Wilson v. State, 957 So. 2d 1264, 1265 (Fla. 2d DCA 2007). "A facially

2

sufficient motion for return of property must specifically identify the property and allege that it is the movant's personal property, that the property is not the fruit of criminal activity, and that the property is not being held as evidence." Almeda v. State, 959 So. 2d 806, 808 (Fla. 2d DCA 2007) (citations omitted).  If the motion is facially sufficient, the circuit court can summarily deny it, but must attach portions of the record conclusively refuting the claim.  Juste v. State, 101 So. 3d 379, 380 (Fla. 3d DCA 2012). However, if the record does not conclusively refute a facially sufficient motion, an evidentiary hearing is required before the circuit court can deny the motion. Id.

Peterson's motion was facially sufficient because it identified the cash, wallet, and driver license as his property, alleged that the items were not being held as evidence, and alleged that the items were not the product of criminal activity.  As such, the circuit court was required to either attach portions of the record demonstrating that Peterson is not entitled to relief or to consider the motion on the merits at an evidentiary hearing. Accordingly, we reverse and remand for further proceedings.


REVERSED and REMANDED.

SAWAYA, PALMER and TORPY, JJ., concur.